1 | **VENABLE LLP**
Shannon E. Beamer (SBN 331289)
2 | Email:   sebeamer@venable.com
Nicole N. King (SBN 290204)
3 | Email:   nnking@venable.com
2049 Century Park East, Suite 2300
4 | Los Angeles, CA  90067
Telephone:   (310) 229-9900
5 | Facsimile:   (310) 229-9901

6 | **VENABLE LLP**
Steven E. Swaney (SBN 221437)
7 | Email:   seswaney@venable.com
101 California Street, Suite 3800
8 | San Francisco, CA 94111
Telephone: (415) 653-3750
9 | Facsimile:  (415) 653-3755

10 | Attorneys for Defendants
MERCK & CO., INC.,
11 | MERCK SHARP & DOHME CORP.,
ORGANON & CO., and ORGANON LLC

12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15 |

16 | SHAUNA GIBSON, an individual, and | CASE NO.  22-2263
17 | CAM YUEN, an individual,

18 |                               Plaintiffs, | **NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (a), 1441(b), AND 1446 BY DEFENDANTS MERCK & CO., INC., MERCK SHARP & DOHME CORP., ORGANON & CO., AND ORGANON LLC**
19 |            v.

20 | MERCK & CO., INC., a New Jersey
21 | Corporation; MERCK SHARP & DOHME CORP., a New Jersey | [Alameda County Superior Court Case No. 22-cv-007926]
22 | Corporation; ORGANON & CO., a
23 | Delaware Corporation; ORGANON LLC, a Delaware Limited Liability
24 | Company; and DOES 1-10, Inclusive, | Action Filed:      March 3, 2022
Action Removed: April 11, 2022
25 |                               Defendants. | Trial Date:         None Set

26 |

27 |

28 |

55039347 | DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1   **TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR**

2   **COUNSEL OF RECORD:**

3       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and

4   1446, defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Organon &

5   Co., and Organon LLC (collectively, "Defendants") hereby give notice that the

6   above-captioned action, pending in the Superior Court of the State of California,

7   County of Alameda, is removed to the United States District Court for the

8   Northern District of California.  In support of the removal, Defendants respectfully

9   state as follows:

10      1.    This is a civil action, filed on or about March 3, 2022, by Plaintiffs

11  Shauna Gibson and Cam Yuen (collectively, "Plaintiffs") in the Superior Court of

12  the State of California, County of Alameda, entitled *Shauna Gibson, et al. v. Merck*

13  *& Co., Inc., et al.,* Alameda County Superior Court Case No. 22-cv-007926.

14  Attached to the Declaration of Shannon E. Beamer as Exhibit 1 is a true and

15  correct copy of the state court filings Defendants obtained, including the

16  Complaint, Summons, Civil Case Cover Sheet, and Notice of Case Management

17  Conference.

18      2.    This case is properly removed to this Court under 28 U.S.C. § 1441

19  because Defendants have satisfied the procedural requirements for removal and

20  this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

21      3.    This action is among citizens of different states: (1) Plaintiffs are, and

22  were at the time the Complaint was filed, citizens of California; (2) Merck & Co.,

23  Inc., is now, and was at the time this action commenced, a citizen of New Jersey;

24  (3) Merck Sharp & Dohme Corp. is now, and was at the time this action

25

26  [1] Defendants file this Notice of Removal and Removal of Action without
27  submitting or consenting to the personal jurisdiction of this Court and expressly
    reserve the right to challenge this Court's ability to exercise personal jurisdiction
    over Defendants in this case, including through a motion to dismiss for lack of
28  personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1  commenced, a citizen of New Jersey; (4) Organon & Co. is now, and was at the

2  time this action commenced, a citizen of Delaware and New Jersey; and (5)

3  Organon LLC is now, and was at the time this action commenced, a citizen of

4  Delaware and New Jersey.

5      4.      Furthermore, the alleged amount in controversy exceeds $75,000,

6  exclusive of interest and costs, for the reasons more fully briefed below.

7  **I.      PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

8      5.      This Notice of Removal and Removal of Action is timely filed under

9  28 U.S.C. § 1446, as it is filed within 30 days of Defendants' receipt of the initial

10  pleading purporting to set forth the claims for relief on which this action is based.

11     6.      Defendants were served with a copy of the Complaint on

12  March 18, 2022. The filing of this Notice of Removal and Removal of Action,

13  therefore, is timely because Defendants are filing it "within 30 days after receipt by

14  the defendant, through service or otherwise, of a copy of the initial pleading setting

15  forth the claim for relief upon which such action or proceeding is based."  28

16  U.S.C. § 1446(b)(1).

17     7.      Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of

18  Removal and Removal of Action a copy of the Complaint, Summons, Civil Case

19  Cover Sheet, and Notice of Case Management Conference.  *See* Beamer Decl. ¶ 3,

20  Ex. 1; *see also* Request for Judicial Notice ("RJN"), Ex. 1.

21     8.      Pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a), this Notice of

22  Removal and Removal of Action is being filed in the United States District Court

23  for the Northern District of California.  Venue for this action is proper in this Court

24  under 28 U.S.C. § 1441(a) because Alameda County is located within the United

25  States District Court for the Northern District of California.  *See* 28 U.S.C. § 84(a).

26  Accordingly, the Northern District of California is the federal "district and division

27  embracing the place where such action is pending."  28 U.S.C. § 1441(a).

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

55039347        DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1       9.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing with the clerk

2  of the Superior Court of the State of California for the County of Alameda, and

3  serving upon Plaintiffs' counsel, a Notice to Adverse Party and State Court of

4  Removal of Action to Federal Court, including a true and correct copy of this

5  Notice of Removal and Removal of Action.  Proof of the same will be filed with

6  this Court.

7       10.    Defendants have complied with 28 U.S.C. § 1446(b)(2)(A) insofar as

8  there are no other defendants that must join in or consent to removal.  *See, e.g.*, 28

9  U.S.C. § 1446 (b)(2)(A) ("When a civil action is removed solely under section

10  1441(a), all defendants who have been properly joined and served must join in or

11  consent to the removal of the action.").  The other defendants, the unknown

12  "DOES 1-10," are not required to join in or consent to removal.  *See United*

13  *Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (noting

14  that the "rule of unanimity" for removal does not apply to "nominal, unknown or

15  fraudulently joined parties"); *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213

16  (9th Cir. 1980) (holding that removal to federal court was proper as "the unknown

17  defendants sued as 'Does' need[ed] not be joined in a removal petition"); *Cont'l*

18  *Ins. Co. v. Foss Mar. Co.*, 2002 WL 31414315, at *4 (N.D. Cal. Oct. 23, 2002)

19  (noting that "all defendants in a state action must join in the petition for removal,

20  except for nominal, unknown, or fraudulently joined parties").  Thus, Defendants

21  may remove without any other parties' concurrence.

22      11.    No previous application has been made for the relief requested herein.

## II.   <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441</u>

25      12.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332,

26  1441 because this is a civil action among citizens of different states in which the

27  amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

55039347
DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

### A.    <u>There Is Complete Diversity Among The Parties</u>

13.    This case is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(1).  As explained below, all Defendants are diverse from Plaintiffs.

#### a.  <u>Plaintiffs Are Citizens Of California</u>

14.    Plaintiff Shauna Gibson ("Plaintiff Gibson") is, and was at the time of filing the Complaint, a citizen of California.  Compl. ¶ 7.

15.    Plaintiff Cam Yuen ("Plaintiff Yuen") is, and was at the time of filing the Complaint, a citizen of California. Compl. ¶ 7.

#### b.  <u>Merck Sharp & Dohme Corp. Is A Citizen Of New Jersey</u>

16.    Plaintiffs concede that Merck Sharp & Dohme Corp. is now, and was at the time that Plaintiffs filed this action, a foreign corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  *See* Compl. ¶ 12; Beamer Decl.¶¶ 4-5, Ex. 2, California Secretary of State Statement of Information for Merck Sharp & Dohme Corp. (stating that Merck Sharp & Dohme Corp. is registered within the jurisdiction of New Jersey); RJN, Ex. 2.  Thus, Merck Sharp & Dohme Corp. is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

#### c.  <u>Merck & Co., Inc., Is A Citizen Of New Jersey</u>

17.    Plaintiffs concede that Merck & Co., Inc., is now, and was at the time that Plaintiffs filed this action, a foreign corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  *See* Compl. ¶ 12; Beamer Decl. ¶¶ 6-7, Ex. 3, New Jersey Secretary of State Short Form Standing Certificate for Merck & Co., Inc., (stating that Merck & Co., Inc., is a domestic for-profit corporation registered within the jurisdiction of New Jersey); RJN, Ex. 3; *see also* Beamer Decl. ¶¶ 8-9, Ex. 4, New Jersey Secretary of State Business Entity Status Report for Merck & Co., Inc., (stating that Merck & Co., Inc., is registered within the jurisdiction of New Jersey); RJN, Ex. 4.  Thus,

55039347     DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1    Merck & Co., Inc., is a citizen of New Jersey for purposes of determining
2    diversity.  28 U.S.C. § 1332(c)(1).

3            d.  <u>Organon & Co. Is A Citizen Of Delaware And New Jersey</u>

4            18.    Plaintiffs concede that Organon & Co. is now, and was at the time that
5    Plaintiffs filed this action, a foreign corporation organized under the laws of the
6    State of Delaware with its principal place of business in New Jersey.  *See* Compl. ¶
7    14; Beamer Decl. ¶¶ 10-11, Ex. 5, Delaware Division of Corporations Short Form
8    Certificate Standing Certificate for Organon & Co., (stating that Organon & Co. is
9    a domestic for-profit corporation registered within the jurisdiction of Delaware);
10   RJN, Ex. 5; *see also* Beamer Decl. ¶¶ 12-13, Ex. 6, New Jersey Secretary of State
11   Short Form Standing Certificate for Organon & Co., (stating that Organon & Co. is
12   a foreign for-profit corporation with its principal place of business within the
13   jurisdiction of New Jersey); RJN, Ex. 6. Thus, Organon & Co. is a citizen of both
14   Delaware and New Jersey for purposes of determining diversity.  28 U.S.C. §
15   1332(c)(1).

16           e.  <u>Organon LLC Is A Citizen Of Delaware And New Jersey</u>

17           19.    Plaintiffs concede that Organon LLC is now, and was at the time that
18   Plaintiffs filed this action, a foreign limited liability company organized under the
19   laws of the State of Delaware with its principal place of business in New Jersey.
20   *See* Compl. ¶ 14; Beamer Decl. ¶¶ 14-15, Ex. 7, Delaware Division of
21   Corporations Short Form Standing Certificate for Organon LLC (stating that
22   Organon LLC is a domestic limited liability company registered within the
23   jurisdiction of Delaware); RJN, Ex. 7; *see also* Beamer Decl. ¶¶ 16-17, Ex. 8, New
24   Jersey Secretary of State Short Form Standing Certificate for Organon LLC
25   (stating that Organon LLC is a foreign for-profit limited liability company with its
26   principal place of business within the jurisdiction of New Jersey); RJN, Ex. 8.

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  Thus, Organon LLC is a citizen of both Delaware and New Jersey for purposes of

2  determining diversity.  28 U.S.C. § 1332(c)(1).[2]

3               f.  <u>Citizenship Of The DOE Defendants Shall Not Be Considered</u>

4        20.     The citizenship of the DOE defendants shall not be considered for

5  purposes of determining diversity jurisdiction, as these are fictitious defendants.

6  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on

7  the basis of the jurisdiction under section 1332(a) of this title, the citizenship of

8  defendants sued under fictitious names shall be disregarded.").[3]

9        21.     Based on the above, there is complete diversity among Plaintiffs and

10  Defendants, and this Court has diversity jurisdiction under 28 U.S.C. § 1332; *see*

---

[2] Organon & Co. is the sole member of Organon LLC.  *See* Beamer Decl. ¶¶ 18-19, Ex. 9, California Secretary of State Statement of Information for Organon LLC (listing Organon & Co as membership for Organon LLC). The citizenship of entities other than corporations is determined by the citizenship of their members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because Organon & Co. is a citizen of New Jersey and Delaware, Organon LLC is therefore deemed a citizen of those two states, as well.

[3] In the event that any DOE defendants are forum defendants, *i.e.*, citizens of California for diversity purposes, it is not a bar to removal under 28 U.S.C. section 1441(b), which provides that removal is allowed only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Under the plain language of Section 1441(b), the no forum defendant rule applies only once such defendant has been properly joined and served. *Id.; see also Allen v. Eli Lilly & Co.*, 2010 WL 3489366, at *2 (S.D. Cal. Sept. 2, 2010) (denying motion to remand and upholding the removal of the action, finding the presence of local defendants did not preclude removal jurisdiction because no local defendant was a party to the action at the time of removal and complete diversity of the parties continues to exist after the local defendants were or are served and made parties); *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019) (denying motion to remand and upholding the forum defendants' removal before service, finding "the Forum Defendant Rule did not bar an in-state defendant from removing an action before the defendant is served."); *May v. Haas*, 2012 WL 4961235, at *3 (E.D. Cal. Oct. 16, 2012) (denying motion to remand and upholding the removal of the action, finding that the forum defendant had not been served at the time the non-forum defendant removed the case and complete diversity continues to exist between the parties after the forum defendant has been served.); *Loewen v. McDonnell*, 2019 WL 2364413, at *9 (N.D. Cal. June 5, 2019) (denying motion to remand, finding the removal was effective before any forum defendant was served and complete diversity continues to exist between the parties); *id.* at *7 (holding "the Northern District of California has consistently held a defendant may remove an action prior to receiving proper
(continued...)

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

55039347      DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1    *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity

2    jurisdiction does not exist unless each defendant is a citizen of a different State

3    from each plaintiff").

4    **B.      The Amount-In-Controversy Requirement Is Satisfied**

5         22.      The amount in controversy exceeds $75,000 notwithstanding that

6    Plaintiffs do not allege a specific amount in controversy in the Complaint.[4]

7         23.      Under 28 U.S.C. § 1446(c)(2):

8

9         If removal of a civil action is sought on the basis of the
          jurisdiction conferred by section 1332(a), the sum demanded in
10        good faith in the initial pleading shall be deemed to be the
          amount in controversy, except that:

11

12        (A)    the notice of removal may assert the amount in
                 controversy if the initial pleading seeks . . . (ii) a money
13               judgment, but the State practice either does not permit
                 demand for a specific sum or permits recovery of damages
14               in excess of the amount demanded; and

15

16        (B)    removal of the action is proper on the basis of an amount
                 in controversy asserted under subparagraph (A) if the
17               district court finds, by the preponderance of the evidence,
                 that the amount in controversy exceeds the amount
18               specified in section 1332(a).

19

20    28 U.S.C. § 1446(c)(2)(A)-(B); Federal Courts Jurisdiction and Venue

21    Clarification Act of 2011, Pub. L. 112-63, Dec. 7, 2011.

22    _____

23    service, even when the defendant resides in the state in which the plaintiff filed the
      state claim"); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 482 (C.D. Cal. 2007) (holding
24    that "a resident defendant who has not been served may be ignored in determining
      removability"); *City of Ann Arbor Employees' Retirement Sys. v. Gecht*, 2007 WL
25    760568, at *8 (N.D. Cal. Mar. 9, 2007) (holding that "[p]laintiff should have been
      cognizant of the fact that a nonresident defendant could remove a case without
26    having been served"); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629
      (N.D. Cal. 1991) (denying motion for remand where local defendant had not been
27    served at time of removal).

28    [4] Defendants deny all allegations contained in Plaintiffs' Complaint and denies that
      Plaintiffs are entitled to any relief sought.

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

7

55039347                              DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

24.     When a plaintiff does not allege a specific amount for damages, the removing defendant need only show that the amount in controversy is "more likely than not" to exceed the jurisdictional amount of $75,000, exclusive of interest and costs.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Where the amount in controversy is not specified, courts look to the facts alleged in the complaint as well as in the notice of removal.  *See Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("Where the amount of damages sought by a plaintiff is unclear, defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence"); 28 U.S.C. § 1446(c)(2).  Courts may receive extrinsic evidence to determine whether the amount in controversy is more likely than not to exceed $75,000.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").  Indeed, courts may find an estimate of damages based upon damage awards in similar cases as sufficient evidence to prove by a preponderance of the evidence that a plaintiff's claims exceed the jurisdictional limit.  *See Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 1207 (2006) (awarding damages in excess of the jurisdictional amount of $75,000 in product liability case); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990, 997 (2005) (same).

25.     While Plaintiffs' Complaint does not allege a specific amount in controversy, Plaintiffs allege that they have "sustained pecuniary loss and general damages in a sum exceeding the jurisdictional minimum of this Court."  Compl. ¶¶ 214, 231; Beamer Decl. ¶ 3, Ex. 1.  Further, it is facially evident that the amount in controversy is satisfied.  Plaintiff Gibson alleges that she took branded and/or generic Singulair (also known as Montelukast) for allergy treatment during the years 2015 through 2021 pursuant to a prescription by her healthcare provider. Compl. ¶ 8.  Plaintiff Gibson alleges that, after she began taking Singulair, she "suffered neuropsychiatric injury including depression."  Compl. ¶ 8.

26.     Plaintiff Yuen alleges that he took branded and/or generic Singulair (also known as Montelukast) for allergy treatment during the years 2020 through 2021 pursuant to a prescription by his healthcare provider.  Compl. ¶ 9.  Plaintiff Yuen alleges that, after he began taking Singulair, he "suffered neuropsychiatric injury including depression, anxiety, obsessive-compulsive disorder and tremors."  Compl. ¶ 9.

27.     Plaintiffs allege that they became symptomatic while using Singulair.  Compl. ¶ 10.  Plaintiffs further allege that they "have incurred medical expenses and will continue to incur expenses in connection with medical treatment as a result of [their alleged] injuries."  Compl. ¶ 11.  Plaintiffs also allege that they "have endured and will continue to endure pain, suffering, mental anguish, trauma, and loss of enjoyment of life as a result of these injuries, have suffered lost earnings and/or a loss of earning capacity, and other injuries and damages to be proven at trial."  Compl. ¶ 11.

28.     Accordingly, Plaintiffs assert causes of action for: (1) Strict Liability – Design Defect; (2) Strict Liability – Failure to Warn; (3) Negligence; (4); Negligent Misrepresentation; (5) Breach of Express Warranty; and (6) Breach of Implied Warranty.  Compl. ¶¶ 104-234.  Plaintiffs seek to recover past and future general damages, past and future economic and special damages, loss of earnings and impaired earning capacity, medical expenses, past and future, punitive or exemplary damages, attorney's fees, costs of suit incurred, for pre-judgment interest as provided by law, and for such other and further relief as the Court may deem just and proper. Compl. ¶¶ 8-11, Prayer for Relief at 41:7-18 (Nos. 1-9).

29.     Where, as here, a plaintiff alleges a serious psychological injury, California federal courts have found that the amount-in-controversy requirement is satisfied.  *See, e.g.*, *Bryant v. Apotex, Inc.*, 2012 WL 5933042, at *4 (E.D. Cal. Nov. 27, 2012) (holding the amount-in-controversy requirement was met, although "complaint [did] not set forth a specific amount of damages," because plaintiff

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

55039347

1     sought "compensatory damages for injuries and severe pain lasting six months,

2     severe emotional distress, and punitive damages"); *Campbell v.*

3     *Bridgestone/Firestone, Inc.*, 2006 WL 707291, at \*2-3 (E.D. Cal. Mar. 17, 2006)

4     (holding the amount in controversy exceeded $75,000 where plaintiffs asserted

5     strict product liability, negligence, and breach of warranty claims and sought

6     compensatory damages, including lost wages and loss of earning capacity, medical

7     expenses, and general damages).

8          30.    California cases also reveal that jury awards and settlements based on

9     conditions similar to those alleged by Plaintiff may exceed the $75,000

10    jurisdictional amount. *See, e.g., Howard v. Doe Companies*, 2000 Jury Verdicts

11    LEXIS 64660 (May 25, 2000) (settlement for $150,000 for ephedrine-induced

12    psychosis, including insomnia and racing thoughts, and ultimately depression);

13    *Snyder v. Kaiser Found. Hosp.*, 1997 Jury Verdicts LEXIS 91524 (Sup. Ct. San

14    Diego County June 1997) (arbitrator awarded $360,000 where plaintiff

15    experienced hallucinations after taking prescribed medication and incurred

16    additional physical injuries as a result); *Confidential v. Confidential*, 2009 Jury

17    Verdicts LEXIS 12779 (Sup. Ct. L.A. October 1994) (settled for $150,000 for

18    psychological problems and hallucinations resulting from Prozac prescription);

19    *Boller v. Placer Union High Sch. Dist.*, Case No. SCV 7478, 2000 Jury Verdicts

20    LEXIS 65056 (Sup. Ct. Auburn County, Apr. 14, 2001) (jury awarded $158,750

21    for depression, insomnia, and anxiety); *Maher v. Ideal Computer Servs., Inc.*, Case

22    No. RG07348498, 2009 Jury Verdicts LEXIS 410244 (Sup. Ct. Alameda County

23    September, 2009) (awarding $86,000 for depression, anxiety and emotional

24    distress); *Lantz Greene v. Yucaipa Towing Inc.*, Case No. RIC10022388, 2013 Jury

25    Verdicts LEXIS 7608 (Sup. Ct. Riv. County June 11, 2013) (awarding $540,000 in

26    emotional distress, lost wages, and punitive damages).

27          31.    Likewise, California federal courts recognize that the amount-in-

28    controversy requirement is satisfied in analogous product liability cases alleging

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

10

DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1    continuing medical care.  *See, e.g., Hammarlund v. C.R. Bard, Inc.*, 2015 WL

2    5826780, at *2 (C.D. Cal. Oct. 2, 2015) (holding it was "more likely than not" that

3    the amount in controversy exceeds $75,000, given the plaintiffs allege "severe"

4    bodily injuries and "mental and physical pain and suffering" following the failure

5    of defendant's mesh implant product); *Zalta v. K2M, Inc.*, 2013 WL 12140470,

6    at *2 (C.D. Cal. Nov. 13, 2013) (finding that the defendant demonstrated, by a

7    preponderance of the evidence, that the amount-in-controversy requirement was

8    satisfied, given that the plaintiff sought "lost wages, hospital and medical

9    expenses, general damages, and lost earning capacity" following the installment of

10   a defective cervical plate); *Zachman v. Johnson & Johnson*, 2015 WL 7717190

11   (N.D. Cal. Nov. 30, 2015) (amount-in-controversy requirement satisfied where

12   prescription medication Levaquin allegedly caused the plaintiff's peripheral

13   neuropathy).

14         32.    Considering the nature and extent of Plaintiffs' alleged injuries and

15   damages, Plaintiffs' claims exceed this Court's minimum $75,000 jurisdictional

16   limit.

17         33.    Based on the foregoing, Plaintiffs' state court action may be removed

18   to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441

19   because: (1) this is a civil action pending within the jurisdiction of this Court;

20   (2) this action is among citizens of different states; and (3) the amount in

21   controversy exceeds $75,000, exclusive of interest and costs.

22         34.    This Notice of Removal and Removal of Action has been signed

23   pursuant to Fed. R. Civ. P. 11.

24         35.    By filing the Notice of Removal and Removal of Action, Defendants

25   do not waive any objections as to service, jurisdiction, venue, or any other defenses

26   available at law, in equity or otherwise.  Defendants intend no admission of fact or

27   law by this Notice of Removal and Removal of Action and expressly reserve all

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

55039347        DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

1   defenses and motions.  Defendants also reserve the right to amend or supplement

2   this Notice of Removal and Removal of Action.

3        36.    If Plaintiffs seek to remand this case to state court, Defendants

4   respectfully ask that they be permitted to brief and argue the issue of this removal

5   prior to any order remanding this case.  In the event that the Court decides that

6   remand is proper, Defendants ask that the Court retain jurisdiction and allow them

7   to file a motion asking this Court to certify any remand order for interlocutory

8   review by the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).

## III.   <u>CONCLUSION</u>

10       In sum, Defendants hereby remove the above-captioned action from the

11  Superior Court of the State of California, County of Alameda, to the United States

12  District Court for the Northern District of California.

13  Dated: April 8, 2022                    VENABLE LLP

14                                          By:   /s/ Shannon E. Beamer
                                                  _____
15                                                Shannon E. Beamer
                                                  Nicole N. King
                                                  Steven E. Swaney
16
                                            Attorneys for Defendants
17                                          MERCK & CO., INC., MERCK SHARP
                                            & DOHME CORP., ORGANON & CO.,
18                                          and ORGANON LLC

19

20

21

22

23

24

25

26

27

28

55039347                DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL OF ACTION

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1

# PROOF OF SERVICE

2

STATE OF CALIFORNIA          )
                             )  ss.
3

COUNTY OF LOS ANGELES )

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, California.

5

6

     On April 11, 2022, I served a copy of the foregoing document described as **NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (a), 1441(b), AND 1446 BY DEFENDANTS MERCK & CO., INC., MERCK SHARP & DOHME CORP., ORGANON & CO., AND ORGANON LLC** on the interested parties in this action addressed as follows:

7

8

9

| | |
|---|---|
| Kevin P. Roddy<br>WILENTZ, GOLDMAN & SPITZER, P.A.<br>90 Woodbridge Center Drive, Suite 900<br>Woodbridge, New Jersey 07095<br>Tel: (732) 855-6402<br>Email: kroddy@wilentz.com | Counsel for Plaintiff |
| Kimberly Beck, Pro Hac Vice<br>BECK LAW CENTER<br>201 E. 5th Street, Suite 1900<br>Cincinnati, Ohio<br>Tel: (888) 434-2912<br>Email: kim@becklawcenter.com | Counsel for Plaintiff |
| Shehnaz M. Bhujwala<br>BOUCHER LLP<br>21600 Oxnard Street, Suite 600<br>Woodland Hills, California 91367<br>Tel: (818) 340-5400<br>Fax: (818) 340-5401<br>Email: bhujwala@boucher.la | Counsel for Plaintiff |

10

11

12

13

14

15

16

17

18

19

     By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

20

     **BY CM/ECF E-MAIL:** Through use of the Federal CM/EFC electronic filing system, I caused a courtesy copy of the above documents to be served by e-mail to the above offices of the addressee(s).

21

22

     **BY MAIL (FRCP 5(b)(2)(C))**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on April 12, 2022, with postage thereon fully prepaid at 2049 Century Park East, Suite 2300, Los Angeles, California, in the ordinary course of business.

23

24

25

     I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on April 11, 2022, at Los Angeles, California.

26

27

28

                  _____
                  Alethiea Taylor

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900